MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSUE BARRERA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,<br><br>Defendant. | Case No.:<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

**COMPLAINT**

Plaintiff, JOSUE BARRERA (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. NCO FINANCIAL SYSTEMS, INC, (hereinafter referred to as "DEFENDANT") is a Pennsylvania corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. DEFENDANT reported and added the alleged debt to the PLAINTIFF'S credit report.

11. PLAINTIFF subsequently contacted the DEFENDANT regarding the alleged debt.

12. DEFENDANT did not provide the PLAINTIFF with the proper disclosures as required by the FDCPA.

13. As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

14. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.  PLAINTIFF reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF THE FDCPA**
**15 U.S.C.§ 1692g**

15. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16. Section 1692g of the FDCPA states in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> \*     \*     \*
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector..

17. DEFENDANT failed to provide PLAINTIFF with a written notice informing him that he had thirty days to dispute the validity of the debt as required by 15 U.S.C. § 1692g.

18. As a result of the violations by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

19. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANT for the following:

(1) For Statutory damages pursuant to 15 U.S.C. § 1692k;

(2) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692;

(3) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this_4TH _day of January 2013.

**THE BOURASSA LAW GROUP, LLC**

*/S/ MARK J. BOURASSA, ESQ.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorney for Plaintiff*